### CAPONE v. ALEXANDER GORDON & SON.

Industrial Commission.

August 6, 1952.

■

———●———

A. T. Sims, West Palm Beach, for claimant.

Culver Smith of Earnest, Lewis, Smith & Jones, West Palm Beach, for employer and insurance carrier.

JAMES R. KNOTT, Deputy Commissioner.

On June 5, 1950 the claimant John Capone injured his back in an accident arising out of and in the course of his employment with Alexander Gordon & Son in West Palm Beach, as a result of which he was later furnished by the employer's insurance carrier with an operation involving spinal fusion. Subsequently, on January 27, 1952, while engaged in target practice having no relation to his work, he stepped across a stream about three feet four inches wide, landed on his left foot and fractured his left tibia, with the result that he was totally disabled until March 17, 1952.

Capone claims that his leg injury is compensable under the Act—as attributable directly to his original injury of June 5, 1950.

The medical evidence showed that in performing the fusion operation necessitated by his back injury, the surgeon removed a portion of the left tibia for transfer to the site of the fusion. In the opinion of the surgeon, it was "obvious that his fractured tibia is the direct result of having had the bone taken from this leg at the time of the spine fusion." It is thus established that claimant's leg injury was incurred by reason of the fusion operation, although the incident involving the fracture did not itself occur in the course of his work. The question is presented as to whether under these circumstances his leg injury may properly be held to constitute an injury arising out of and in the course of his employment within the meaning of section 440.02(6) of the Act, which in defining the term "injury" includes—"such diseases or infection as naturally or unavoidably result from such injury."

The general rule is stated as follows, in 71 Corpus Juris, at page 634, et seq.:

The controlling factors in the determination of whether or not the physical harm sustained by the employee was the consequence of the accident or the injury are the existence of a continuous chain of causation between the two, and, of course, the absence of any intervening independent agency destroying the connection. Thus injuries which follow as legitimate consequences of the original accident are compensable, and such accident need not have been the sole or direct cause of the condition complained of, it being sufficient if it is an efficient, exciting, superinducing, concurring, or contributing cause; thus it is immaterial whether or not a disability results directly from the injury or from a condition resulting from the injury . . . .

As between two accidents, the question as to whether the disability should be attributed to the first or second accident will depend on the circumstances of the particular case, for example, where the employee suffers a subsequent injury which is caused by, and is traceable to, the original injury or accident, it is compensable, but where there is no causal connection between the original and the subsequent injury, the latter will constitute an independent intervening agency, not compensable.

In Schneider on Workmen's Compensation (3rd Ed.), vol. 6, at page 53, it is stated:

If an accident causes an injury and that injury moves forward step by step, causing a series of other injuries, each injury accounting for the one following until the final result is reached, the accident which set the first injury or force in motion is responsible for the final result.

In 58 Am. Jur., Workmen's Compensation, it is stated in section 279:

As a general rule, an injured employee may recover compensation for a new injury, or an aggravation of his injury, resulting from medicinal or surgical treatment of a compensable injury, where there is no intervening independent cause to break the chain of causation between the new injury, or aggravation, and the original injury.

The evidence and the law applicable thereto sustain the conclusion that the claimant's leg fracture was the unavoidable result of his back injury—for which he is entitled to an award of the benefits of the Act.

It is accordingly ordered that the insurance carrier pay: (1) compensation to the claimant at $22 weekly for the period of his temporary total disability extending from January 31, 1952 to March 17, 1952; (2) the expenses of the medical, surgical and other remedial care and treatment, including hospitalization, incident to the claimant's leg injury; and (3) to A. T. Sims, Esq., the sum of $120 for legal services on claimant's behalf.